Filed 07/14/23  In re W.R. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re W.R. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>C.V.,<br><br>    Defendant and Appellant. | G062231<br><br>(Super. Ct. Nos. 22DP0548, 22DP0548A, 22DP0549, 22DP0549A, 22DP0550 & 22DP0550A)<br><br>O P I N I O N |
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>A.M. et al.,<br><br>    Defendants and Appellants. | (Super. Ct. Nos. 22DP1363)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Isabel Apkarian, Judge. Conditionally reversed and remanded with directions.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant C.V.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant A.M.

Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

\*      \*      \*

C.V. (Mother) challenges the juvenile court's jurisdictional findings and dispositional orders concerning three of her children, W.R., M.V., and D.V., claiming the Orange County Social Services Agency (SSA) failed to comply with its inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.; ICWA) and related California law. A.M., D.V.'s father, asserts a similar challenge as to D.V.[1] SSA concedes that its ICWA inquiry was insufficient and that remand is necessary under this court's precedent. We agree and therefore conditionally reverse and remand for SSA to comply with its duties under ICWA.

## FACTS

### I. *Overview of the Proceedings Below*

In May 2022, SSA filed a petition under Welfare and Institutions Code section 300 on behalf of W.R. (age 12) and M.V. (age 10), alleging, inter alia, that A.M. had sexually abused W.R., and that Mother had failed to protect her, used excessive discipline against the children, and failed to ensure their educational needs were met.[2] The juvenile court detained the children, and they were placed with their maternal

---

[1] The other children's fathers are not parties to this appeal.

[2] Undesignated statutory references are to the Welfare and Institutions Code.

2

grandfather and step-grandmother. In July 2022, the juvenile court largely sustained the petition's allegations, removed the children from parental custody, and ordered family reunification services.

In October 2022, Mother gave birth to D.V., who tested positive for amphetamine and methamphetamine. SSA filed a petition under section 300 as to D.V. The juvenile court detained him, and he was later placed with the maternal grandparents. That same month, SSA filed a subsequent petition under section 342, alleging that W.R. and M.V. were subject to juvenile court jurisdiction due to Mother's substance abuse, potential domestic violence issues between Mother and A.M., and the abuse and neglect of D.V.

In January 2023, the juvenile court held a hearing on the original petition as to D.V. and the subsequent petition as to the older children. Following the hearing, the court sustained both petitions. It removed D.V. from parental custody and ordered family reunification services. The disposition as to the older children remained the same.

II. *Facts Related to ICWA*

From the inception of the proceedings and on multiple subsequent occasions, Mother consistently denied any Indian heritage. Mother told SSA that she had nine siblings and that the maternal grandmother lived in Mexico. SSA interviewed the maternal grandfather and a maternal aunt, who both denied having Indian ancestry. However, SSA did not attempt to obtain the names and contact information for other maternal relatives from either the maternal grandfather or the maternal aunt. And although W.R. said she was close with another maternal aunt and SSA reports mentioned a maternal uncle, it does not appear SSA attempted to locate and interview these relatives regarding potential Indian heritage. Following the July 2022 jurisdiction and disposition hearing, the juvenile court ordered Mother to provide SSA with the names and contact

3

information of any relative or interested party who may know of possible Indian heritage. As far as the record shows, Mother provided no additional relatives' information.[3]

When SSA initiated the proceeding as to D.V., A.M. denied Indian ancestry. A.M. reported he was born in Mexico and his parents were deceased but he had "'lots'" of siblings. He told SSA he would provide a list of his family members and their contact information, but the record does not reflect that he ever did so. A.M. identified D.V.'s paternal aunt E.M. as part of a "Safety Network," but as far as the record shows, he did not provide her contact information. Following the juvenile court's January 2023 findings and orders, Mother and A.M. timely appealed.

DISCUSSION

Under ICWA, "[i]n any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking . . . termination of parental rights to[ ] an Indian child shall notify . . . the Indian child's tribe . . . of the pending proceedings and [its] right [to intervene]."[4] (25 U.S.C. § 1912(a).) "This notice requirement, which is also codified in California law [citation], enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene in or exercise jurisdiction over the proceeding." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 5.)

"'"ICWA itself does not impose a duty on courts or child welfare agencies to inquire as to whether a child in a dependency proceeding is an Indian child."'" [Citation.]" (*In re Y.W.* (2021) 70 Cal.App.5th 542, 551.) The federal regulations

---

[3] Because Mother does not contend that SSA's inquiry of the families of the older children's fathers was inadequate, we do not detail SSA's efforts in that regard.

[4] "For these purposes, an "'Indian child'" is a child who (1) is 'a member of an Indian tribe,' or (2) 'is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' [Citations.] By its terms, this definition turns "'on the child's political affiliation with a federally recognized Indian Tribe,'" not 'necessarily' 'the child's race, ancestry, or "blood quantum."' [Citation.]" (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 780, fn. 6.)

4

implementing ICWA require such inquiry only of participants in the proceedings. (*Ibid.*) Under state law, however, the juvenile court and county welfare department have an "affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . has been filed, is or may be an Indian child." (§ 224.2, subd. (a).) A duty of initial inquiry is triggered upon placement of a child in the department's custody, and "includes, but is not limited to, asking the . . . parents, . . . extended family members, [and] others who have an interest in the child . . . whether the child is, or may be, an Indian child."[5] (§ 224.2, subd. (b).)

Here, SSA concedes its ICWA inquiry was insufficient because, after Mother failed to provide SSA the names and contact information for some extended family members, the agency did not attempt to obtain this information from maternal relatives with whom it did have contact.[6] We agree. While a welfare agency's initial inquiry need not be so exhaustive as to ensure "'[no] stone is left unturned'" (*In re K.H.* (2022) 84 Cal.App.5th 566, 603), the agency must pursue readily available leads (*In re G.H.* (2022) 84 Cal.App.5th 15, 30-31 [inadequate inquiry where SSA did not attempt to contact paternal grandmother, despite father's report that he had successfully contacted her on LinkedIn and indication she may have information about family's Indian ancestry]). SSA further concedes that, under this court's precedents, the deficiency in its

---

[5] A requirement of "further" inquiry is triggered if the department receives information establishing reason to believe the child is an Indian child. (§ 224.2, subd. (e).) If the department receives information establishing reason to *know* the child is an Indian child, notice must be given to the child's potential tribes, and the department must exercise due diligence in verifying whether the child is, in fact, an Indian child. (§§ 224.2, subds. (f)-(g), 224.3, subds. (a)-(b); see also 25 U.S.C. § 1912(a).)

[6] A.M. suggests SSA should also have contacted D.V.'s paternal aunt E.M. and other, unnamed extended relatives, but he does not address how the agency might have done so, given his failure to provide information about his relatives in response to SSA's inquiries. Because we remand for additional inquiry, we need not decide whether SSA could and should have done more in this respect.

inquiry requires reversal. (*In re E.V.* (2022) 80 Cal.App.5th 691, 698 [noting this court "established a clear rule that requires reversal in all cases where the ICWA inquiry rules were not followed"].) Accordingly, we remand the matter for SSA to comply with its obligations under ICWA.

DISPOSITION

The jurisdiction findings and disposition orders are conditionally reversed. (See *In re Cody B.* (2007) 153 Cal.App.4th 1004, 1014.) The matter is remanded to the juvenile court to order SSA to conduct a compliant ICWA inquiry, including the required inquiry as to available extended relatives. In aid of this inquiry, the court shall order the parents to provide all available information regarding the children's extended family members and shall enforce its order. After ensuring SSA has complied with the inquiry requirements of ICWA and related California law (and any notice requirement, if applicable), the court shall determine whether ICWA applies. If the court determines ICWA does not apply, it shall reinstate its jurisdiction findings and disposition orders. If the court determines ICWA does apply, it shall proceed as required by ICWA.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.